IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JIMMY L. LINDSEY,        :

     Plaintiff        :

                      :

     v.              :     CIVIL NO. 4:CV-08-1358

                      :     (Judge Jones)

SCOTT W. NAUS,        :

                      :

     Defendant        :

**MEMORANDUM**

**August _15_ , 2008**

**Background**

    This *pro se* civil rights action was filed by Jimmy L. Lindsey ("Plaintiff" or "Lindsey"), an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania ("SCI-Coal Twp"). Along with his complaint, Plaintiff has submitted an application requesting leave to proceed *in forma pauperis.*

    Named as sole Defendant is the Honorable Scott W. Naus, President Judge of the Columbia County, Pennsylvania Court of Common Pleas. Plaintiff states that he filed a "motion to dismiss void judgment lack of subject matter jurisdiction" with the Columbia County Court of Common Pleas. (Doc. 1 at ¶ 1). It appears that the motion to dismiss sought relief with respect to Plaintiff's criminal prosecution in the Columbia County Court of Common Pleas. Lindsey

describes his state court motion as challenging the legality of his state criminal prosecution on the grounds of: (1) lack of jurisdiction;[1] (2) issuance of an arrest warrant which was allegedly improper because it lacked the signature of the approving authority; and (3) the underlying criminal charges were set forth in a document which lacked an enacting clause.

His Complaint indicates that by failing to grant his unopposed motion to dismiss, President Judge Naus breached his duty and participated in a fraud.[2] (*Id.* at ¶ 11). Plaintiff seeks monetary damages in the amount of five million dollars.

## **Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed *in forma pauperis* may determine that process should

---

[1] Lindsey maintains in part that because he is a "Sovereign" the Commonwealth lacked natural jurisdiction. (*Id.* at ¶ 31-32).

[2] The Complaint indicates that the motion was denied "without response from the State." (*Id.*, ¶ 19). It is also asserted that President Judge Naus "failed to give an opinion as to why he ruled in favor of the non-moving party." (*Id.*).

not be issued if the complaint is malicious, presents an indisputably meritless

legal theory, or is predicated on clearly baseless factual contentions. *Neitzke v.*

*Williams*, 490 U.S. 319, 327-28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d

Cir. 1989).[3] In *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995), the

Court of Appeals added that "the plain meaning of 'frivolous' authorizes the

dismissal of *in forma pauperis* claims that . . . are of little or no weight, value, or

importance, not worthy of serious consideration, or trivial." "The frivolousness

determination is a discretionary one," and trial courts "are in the best position" to

determine when an indigent litigant's complaint is appropriate for summary

dismissal. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff asserts that President Judge Naus is not entitled to immunity

because he "Cannot claim **Immunity** to acts of Usurpation." (*Id.* at ¶

15(emphasis in original)). Lindsey adds there is no entitlement to immunity

because Defendant acted outside the scope of his authority, (*See id.* at ¶ 19) and is

a ministerial officer who acted wrongfully (*See id.* at ¶ 23).

Contrary to Lindsey's arguments, it has been repeatedly held that judges are

absolutely immune from suit for damages for conduct performed in the course of

their official duties. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Oatess v.*

*Sobolevitch*, 914 F.2d 428, 431 (3d Cir. 1990) (recognizing that a court may

---

[3] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)).

dismiss an allegation against a judge based on an exercise of judicial power).

There are only two circumstances when a judge is not entitled to immunity from

civil liability: if the challenged action was not taken within the judge's judicial

capacity or if the conduct was taken in the complete absence of jurisdiction.

*Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Rulings made on motions during the course of a criminal proceeding are

clearly both within President Judge Naus' official judicial capacity as well as his

jurisdiction. *See Robinson v. Smyth*, 258 Fed. Appx. 469, 470 (3d Cir. 2007);

*Figueroa v. Blackburn*, 208 F.3d 435, 440-441 (3d Cir. 2000). Consequently,

since the claims against President Judge Naus are based on actions taken by that

Defendant in the exercise of his official duties, President Judge Naus is entitled to

absolute immunity from monetary damages.

Furthermore, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States

Supreme Court ruled that a constitutional cause of action for damages does not

accrue "for allegedly unconstitutional conviction or imprisonment, or for other

harm caused by actions whose unlawfulness would render a conviction or

sentence invalid," until the Plaintiff proves that the "conviction or sentence has

been reversed on direct appeal, expunged by executive order, declared invalid by

a state tribunal authorized to make such determination, or called into question by

a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. Based on the

allegations raised by Lindsey, a finding in his favor would imply the invalidity of his state criminal prosecution. *See Gibson v. Superintendent*, 411 F.3d 427, 449 (3d Cir. 2005); *Banks v. Chester County Courts, et al.*, Civil No. 4:CV-07-1809 slip op. at 5 (M.D. Pa. Oct. 11, 2007)(Jones, J.); *Sanchez v. Gonzalez*, No. 05-2552, 2005 WL 2007008 *2  (D.N.J.  Aug. 16, 2005).  Consequently, Plaintiff's present claims against President Judge Naus are also subject to dismissal under *Heck*.

## Conclusion

Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, with prejudice, as legally frivolous. *Wilson*, 878 F.2d at 774.  An appropriate Order will enter.